# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL HARWELL,

                Petitioner,      :      Case No. 3:16-cv-277

    - vs -                                District Judge Walter Herbert Rice
                                            Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

                                                 :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 9) recommending the Petition be dismissed with prejudice. Judge Rice has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 12).

Harwell begins his Objections by asserting that this Court's action amounts to an unconstitutional suspension of the writ. He argues that "the writ issues as a matter of course and the court, on the return made to it, then decide[s] whether the party applying is denied the right of proceeding any further." (ECF No. 11, PageID 2414)  While that was the practice at common law, the procedure in contemporary federal law is for the person in custody to file and application or petition and for the custodian to be required to answer only if the court rders an answer after initial review. Rule 4, Rules Governing § 2254 Cases. In this case the Court did order an answer (ECF No. 3), the Respondent filed a Return of Writ (ECF No. 6), the Petitioner was afforded the opportunity to file a reply to the Return, which he did (ECF No. 8), and only

1

thereafter were the merits considered. The Supreme Court has never held that this process, which is the process commanded by the Habeas Rules, somehow operates to suspend the writ.

Petitioner repeats his claims that the Indictment in this case was defective, but does not respond to the point made in the Report that there is no federal constitutional right to grand jury indictment and that questions about the form of the indictment are a matter of state law on which this Court is bound by the interpretation of the Second District Court of Appeals in this case.

Petitioner reiterates his claim that the convictions are based on insufficient evidence, which is his Fourth Ground for Relief. In analyzing this claim, the Report noted the double deference federal habeas courts must apply on insufficient evidence claims to the jury findings and the conclusions of the state court of appeals. (Report, ECF No. 9, PageID 2400-01). The Report then concluded that the summary of evidence in the Second District's opinion at ¶¶ 84 and 85 were sufficient to support the convictions. *Id.* at PageID 2401. Petitioner's argument in his Objections is essentially to contradict trial testimony: "Lambes lied when he said Harwell flashed a gun in his truck." (Objections, ECF No. 11, PageID 2417). But whether Lambes (or any other trial witness) lied was a matter for the trial jury to decide. Petitioner's word on this point is irrelevant because he did not testify at trial. Even if he had testified and the jury had believed Lambes, Harwell would still not have a convincing claim of insufficient evidence because it would have been the jury's task to weight their respective credibility.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends that the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists

would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 28, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).