IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL HARWELL,

  Petitioner,

v.

WARDEN, Lebanon Correctional Institution,

  Respondent.

:
:
:
:
:

Case No. 3:16-cv-277

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #9) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #13); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##11, 14); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #2); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his Report and Recommendations, Doc. #9, and his Supplemental Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety. Petitioner's Objections thereto, Docs. ##11 and 14, are OVERRULED.

In overruling Petitioner's Objections to the Supplemental Report and Recommendations, Doc. #14, the Court notes the following. Citing *Russell v.*

*United States*, 369 U.S. 749, 763-64 (1962), Petitioner continues to argue that the state grand jury indictment was defective because it did not set forth all of the elements of each offense charged. He further argues that counsel was ineffective in failing to move to dismiss the indictment on these grounds. *Russell*, however, dealt with the question of what the Fifth Amendment requires in a *federal* indictment. The Grand Jury Clause of the Fifth Amendment does not apply to *state* criminal prosecutions. *Hurtado v. California*, 110 U.S. 516 (1884). Accordingly, "there is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Williams v. Haviland*, 467 F.3d 527, 534 (6th Cir. 2006). The sufficiency of a state indictment is purely a matter of state law, and cannot form the basis for federal habeas relief.

A state defendant does have a constitutional right to be given fair notice of the nature and cause of the accusations against him so that he can adequately prepare his defense and protect himself from future prosecution for the same offense. *Id.* at 535. However, Petitioner has not argued that the allegedly defective indictment in any way hindered his ability defend himself or implicated double jeopardy concerns. "An indictment which fairly but imperfectly informs the accused of the offense for which is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

Petitioner also continues to argue that his convictions are based on insufficient evidence. Magistrate Judge Merz correctly concluded that Petitioner

2

has failed to overcome the deference that this Court must give to the findings of both the jury and the state appellate court. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

For these reasons, the Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. #2.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 29, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3